MARGARET HAWKINS, Appellant, v. THOMAS KINGSTON, Respondent.

No. 1318; January 17, 1868.

**Pleading.—To Interpose a Meaningless Demurrer is the Same as** to interpose none at all.

**Vendor and Vendee—Possession Before Payment.—**The grantee under a conveyance meant to take effect only on payment of the consideration takes no right of possession in the meantime.

**Witness.—A Defendant Called to the Stand by the Plaintiff's Counsel** to testify as to an instrument may be cross-examined by his own counsel and therein made to produce another instrument that modifies the first.

**Trial.—A Question as to the Order of Proof at the Trial is one** solely within the discretion of the trial court.

APPEAL from Fourteenth Judicial District, Placer County.

This was an action of ejectment. The plaintiff filed a demurrer to the answer expressed as follows: "Now comes plaintiff above named, by her attorney Jo Hamilton, and demurs to defendant's answer filed in said court, and as

grounds of demurrer she avers that said answer, even if taken as true, does not state facts constituting a defense. And for special grounds of demurrer plaintiff demurs to the whole of said answer, except the denials contained in said answer, and as grounds of demurrer, plaintiff avers that said answer, except the denials thereof, is irrelevant, impertinent and not responsive to the averments in the complaint. And for further grounds of special demurrer to said answer, plaintiff demurs to all of said answer except the said denial thereof, because the same is ambiguous, uncertain and unintelligible in this, that the same does not, so far as the same appears, have any relevancy to said suit.''

The plaintiff's right to the possession rested on a conveyance from one Kneeland, but all the right or interest this person ever had in the property was derived through a paper, marked at the trial ''Exhibit A,'' bearing these words:

''Know all men by these presents that for and in consideration of Five Hundred Dollars to me in hand paid, the receipt whereof is hereby acknowledged, I do bargain and sell and do by these presents deliver to John Kneeland, his heirs or assigns forever, one undivided half of the land or ranch known as the Kingston ranch, being same bought by him of Combs, Jordan and others. I also by these presents sell and deliver the following personal property to wit: Undivided half of nine head of cows, one heifer, nine pigs, one mare and colt, one bull, one dozen chickens and turkeys, more or less, one wagon and harness, with all other property on the place; signed, sealed and delivered in presence of, this fourth day of May, 1865, Illinoistown.

(Signed)   ''THOMAS KINGSTON.''

At the trial the plaintiff called the defendant to the stand to prove this instrument, and on cross-examination he was allowed, over the plaintiff's objection, to testify that contemporaneous with this instrument was another instrument, executed by Kneeland, which was then produced and marked ''Exhibit B.''   It was in these words:

''$785.   For value received, I promise to pay Thomas Kingston or his order, Seven Hundred and Eighty-five Dollars for one-half of ranch and stock.

''Illinoistown, May 4th, 1865.

''JOHN KNEELAND.''

The witness testified that the two instruments were intended to be parts of the same transaction and that the money had never been paid or tendered.

Jo. Hamilton and C. R. Tuttle, for the appellant; Hale & Fellory, for the respondent.

SAWYER, C. J.—The demurrer to the answer was properly overruled. We are satisfied that the exhibits "A" and "B," under the circumstances shown, should be read together as parts of one agreement. They were parts of, and together constituted, one transaction. Thus considered, the payment of the purchase money and taking possession were to be concurrent acts. The substance of the contract, to be gathered from the several instruments taken together, is, that Kingston conveys one-half of the ranch and stock to Kneeland, but possession is not to be taken till payment of the purchase money. The payment of the purchase money and taking possession being concurrent and dependent acts, the one was not entitled to demand possession without, at the same time, paying, or tendering the purchase money; nor the other to demand the purchase money, without, at the same time, surrendering, or offering to surrender, the possession. The case is fully within the principle of Hill v. Grigsby, decided at the last term. The court instructed the jury in accordance with this view, and we think there was no error in the rulings upon the instructions.

We think there was no error in allowing defendant to examine, as to Exhibit "B," plaintiff's witness, called to prove the execution of Exhibit "A." The subject matter is so closely related as to form parts of the same transaction. It is, at worst, only a question as to order of proof, and this is regulated very much by the discretion of the judge. Nor was there any error on the ground that Exhibit "B" is unstamped. The plaintiff had given in evidence a part of the agreement, also unstamped, and we think the defendant was entitled to show the whole. Besides, if there was error, the plaintiff cured it in a subsequent step of the proceedings, by himself introducing the same papers in evidence.

Judgment affirmed.

We concur: Rhodes, J.; Sanderson, J.; Sprague, J.; Crockett, J.